# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO MIGUEL HERNANDEZ, | Case No. 1:26-cv-01522-JLT-SAB-HC |
| Petitioner, | ORDER DIRECTING PETITIONER TO FILE MOTION TO AMEND |
| v. | |
| MINGA WOFFORD, et al., | |
| Respondents. | |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On February 23, 2026, Petitioner filed a petition for writ of habeas corpus, a motion to appoint counsel, and a motion for temporary restraining order ("TRO"). (ECF Nos. 1–3.) On February 24, 2026, the assigned district judge denied the motion for TRO as untimely, granted the motion to appoint counsel, and directed Respondents to file a responsive pleading within twenty-one days. (ECF No. 8.) On March 14, 2026, Respondents filed a response. (ECF No. 12.)

On April 13, 2026, Petitioner filed a first amended petition ("FAP"). (ECF No. 13.) "The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, [is] made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11[.]" Mayle v. Felix, 545 U.S. 644, 655 (2005). Rule 15(a)(1) provides that within twenty-one days after service of a responsive pleading or a motion to dismiss, a

"party may amend its pleading once as a matter of course." Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In assessing whether leave to amend is proper, courts consider 'the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment.'" Kroessler v. CVS Health Corp., 977 F.3d 803, 814–15 (9th Cir. 2020) (quoting Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

Here, the FAP was filed more than twenty-one days after Respondents' responsive pleading was filed. Accordingly, Petitioner may not amend the petition as a matter of course and can only amend the petition "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Accordingly, the Court HEREBY ORDERS that:

1. Within seven (7) days of the date of service of this order, Petitioner SHALL file a motion to amend;

2. Within seven (7) days of the date of service of the motion to amend, Respondents SHALL file a response.

IT IS SO ORDERED.

Dated:   **April 14, 2026**

STANLEY A. BOONE
United States Magistrate Judge