# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO MIGUEL HERNANDEZ, | Case No. 1:26-cv-01522-JLT-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT |
| v. | |
| MINGA WOFFORD, et al., | |
| Respondents. | |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of Mexico who entered the United States on or about 2008. Petitioner was previously detained and placed in removal proceedings, which were terminated on March 11, 2015. Petitioner was never instructed to continue any type of reporting. Petitioner has been in immigration detention since August 5, 2025. (ECF No. 1 at 2–3.[1])

On February 23, 2026, Petitioner filed a petition for writ of habeas corpus and motion for temporary restraining order ("TRO"). (ECF Nos. 1, 3.) On February 24, 2026, the assigned district judge denied the motion for TRO as untimely, appointed counsel for Petitioner, and

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

referred the matter to the undersigned. (ECF No. 8.) On March 14, 2026, Respondents filed a response to the petition. (ECF No. 12.)

On April 13, 2026, Petitioner filed a first amended petition ("FAP"). (ECF No. 13.) Given that the FAP was filed more than twenty-one days after Respondents' responsive pleading was filed, the Court found that "Petitioner may not amend the petition as a matter of course and can only amend the petition 'with the opposing party's written consent or the court's leave'" and ordered Petitioner to file a motion to amend by April 21, 2026. (ECF No. 14 at 2 (quoting Fed. R. Civ. P. 15(a)(2)).) As Petitioner failed to file a motion to amend and had not provided the Court with Respondents' written consent regarding amendment, the Court found that the operative petition is the pro se petition received by the Court on February 23, 2026. (ECF No. 15.)

On May 20, 2026, Petitioner was granted voluntary departure. (ECF No. 18 at 4–7.) Per the Court's order, the parties have submitted supplemental briefs. (ECF Nos. 16–20.)

**II.**

**DISCUSSION**

An intricate statutory scheme governs the detention of noncitizens during removal proceedings and after a final removal order is issued. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b) ('Section 1225(b)'), 1226(a) ('Subsection A'), 1226(c) ('Subsection C'), and 1231(a) ('Section 1231(a)')." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). The authority to detain certain noncitizens pending the outcome of removal proceedings is found in 8 U.S.C. §§ 1225(b), 1226(a), and 1226(c). "Section 1231(a) applies to detention after the entry of a final order of removal" and "does not apply to detention during the pendency of administrative or judicial removal proceedings." Avilez, 69 F.4th at 530–31. "When an alien has been found to be unlawfully present in the United States and a final order

of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90–day statutory 'removal period,' during which time the alien normally is held in custody." Zadvydas v. Davis, 533 U.S. 678, 682 (2001). Section 1231 governs detention during this ninety-day removal period, which begins on the latest of either "(1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and this court stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." Avilez, 69 F.4th at 531 (citing 8 U.S.C. § 1231(a)(1)(B)(i)–(iii)). "A special statute authorizes further detention if the Government fails to remove the alien during those 90 days." Zadvydas, 533 U.S. at 682 (citing 8 U.S.C. § 1231(a)(6)).

On May 20, 2026, an immigration judge granted post-conclusion voluntary departure under section 240B(b) of the Immigration and Nationality Act ("INA") and ordered: "[Petitioner] is ordered to depart by 7/20/2026. [Petitioner] must post a $500.00 bond with DHS within five business days of this order. Failure to post the bond as required or to depart by the required date will result in an alternative order of removal to Mexico taking effect immediately." (ECF No. 18 at 4.) Petitioner failed to post the required voluntary departure bond within five business days. (ECF No. 19.) Petitioner's failure to post the voluntary departure bond by May 27, 2026 resulted in an alternate order of removal as of May 28, 2026. That alternate order of removal became administratively final at "the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals," 8 U.S.C. § 1101(a)(47)(B), that is, on June 8, 2026.[2] See 8 C.F.R. § 1003.38 (2026) ("in all cases the Notice of Appeal from a Decision of an Immigration Judge (Form EOIR–26) shall be filed directly with the Board within 10 calendar days of the Immigration Judge's decision"); Ocampo v. Holder, 629 F.3d 923, 927 (9th Cir. 2010) (holding "that the statutory definition of finality in 8 U.S.C. § 1101(a)(47) controls and trumps the regulatory definition in 8 C.F.R. § 1241.1(f)").[3]

---

[2] The ten-day appeal period ended on June 7, 2026, a Sunday, so the appeal time was extended to the next business day. 8 C.F.R. § 1003.38(b)(3) ("If the final date for filing falls on a Saturday, Sunday, or legal holiday, this appeal time shall be extended to the next business day.").

[3] 8 C.F.R. § 1241.1(f) provides that "[i]f an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure," the alternate order of removal becomes final "upon overstay of the voluntary

Based on the foregoing, the alternate order of removal became administratively final on June 8, 2026, the ninety-day removal period has commenced, and the detention authority has shifted to 8 U.S.C. § 1231(a)(2). This Court has found that "[a] petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231." Garcia Fernandez v. Chestnut, No. 2:26-CV-00571 JLT EPG (HC), 2026 WL 1457335, at *1 (E.D. Cal. May 22, 2026) (internal quotation marks omitted) (quoting Baires v. Lynch, No. C 15-03635 RS, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016)). "Thus, the Court does not consider whether petitioner's initial detention was governed by 8 U.S.C. § 1226(a) or whether that detention violated due process." Garcia Fernandez, 2026 WL 1457335, at *1 (citing Ortega v. Warden of Golden State Annex ICE Detention Facility, No. 1:25-cv-01856-DAD-CSK, 2026 WL 836323, at *2 n.2 (E.D. Cal. Mar. 25, 2026); Aguilar Garcia v. Kaiser, No. 3:25-cv-05070-JSC, 2025 WL 2998169, at *2 (N.D. Cal. Oct. 24, 2025)). Accordingly, the Court recommends finding that the petition is moot.[4]

### III.

### RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as moot.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days

departure period, or upon the failure to post a required voluntary departure bond within 5 business days." 8 C.F.R. § 1241.1(f).

[4] "If Petitioner is not removed within the 90-day removal period, and continued detention under § 1231(a)(6) becomes unreasonably prolonged and indefinite, Petitioner may file another habeas petition at that time. At this time, however, Petitioner is not entitled to relief." Inamzhon v. Warden of Golden State Annex, No. 1:25-CV-01059-SKO (HC), 2025 WL 3080525, at *3 (E.D. Cal. Nov. 4, 2025).

4

after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **July 23, 2026**                                    

STANLEY A. BOONE
United States Magistrate Judge